IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY and TEAMSTERS PENSION FUND OF PHILADELPHIA AND VICINITY,<br><br>    Plaintiffs,<br>    v.<br><br>DEMEDIO LIME COMPANY,<br><br>    Defendant. | CIVIL NO. 11-2811(NLH)(AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

R. MATTHEW PETTIGREW , JR.
MARKOWITZ & RICHMAN
1100 NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET
PHILADELPHIA, PA 19107

   *On behalf of plaintiffs*

PETER L. FRATTARELLI
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968

   *On behalf of defendant*

**HILLMAN**, District Judge

   This matter having come before the Court on the motion of plaintiffs, Teamsters Health & Welfare Fund of Philadelphia and Vicinity and Teamsters Pension Fund of Philadelphia and Vicinity, for summary judgment on their claims regarding unpaid contributions to the Funds by defendant, DeMedio Lime Company; and

   Plaintiffs explaining that the Health Fund and the Pension Fund are multi-employer benefit funds within the meaning of Section

302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1947, as amended ("ERISA"), 29 U.S.C. §§ 1002(3) and 1002(37), and the Funds receive and administer contributions from various employers who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with various local unions affiliated with the International Brotherhood of Teamsters, including Teamsters Local Union No. 676; and

    Plaintiffs further explaining that DeMedio is a party to a collective bargaining agreement ("Agreement") with the Union, and the Agreement requires DeMedio to contribute specified amounts every month to the Health Fund and to the Pension Fund for each covered employee; and

    The Agreement providing that the failure to comply with the contribution requirements shall make DeMedio "liable for all claims, damages, attorneys fees, court costs, plus all arrears in payment plus a ten percent (10%) penalty"; and

    Plaintiffs demonstrating that an audit of DeMedio's books and records has shown that DeMedio owes unpaid contributions and liquidated damages for the years 2008, 2010, and 2011, and the amount in unpaid contributions those years total $96,263.29, and the amount in liquidated damages total $7,910.61; and

    Prior to the commencement of this case, DeMedio having been

provided a copy of the audit, but DeMedio having not disputed it or otherwise questioned its findings; and

DeMedio having appeared in this action and having filed an answer to plaintiffs' complaint; but

DeMedio having not filed an opposition to plaintiffs' motion for summary judgment, and having not otherwise communicated with the Court regarding the substance of plaintiffs' claims; and

The Court finding that plaintiffs are entitled to unpaid contributions and liquidated damages as detailed in their motion and supporting affidavits and exhibits; and

The Court further finding that plaintiffs are also entitled to attorneys' fees and costs in the amount of $8,913.08 ($8,466.00 in attorneys' fees and $447.08 in costs), see United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & Mc Donnell, Inc., 787 F.2d 128, 134 (3d Cir. 1986) (citing 29 U.S.C. § 1132(g)(1),(2)) (explaining that "attorney's fees, costs and liquidated damages are mandatory upon a judgment in favor of a pension plan");

Accordingly,

IT IS HEREBY on this ___5th___ day of ___July___, 2012

ORDERED that plaintiffs' motion for summary judgment [13] is GRANTED.  The Court will enter separately the Order of Judgment.


At Camden, New Jersey           ___s/ Noel L. Hillman___
                                                  NOEL L. HILLMAN, U.S.D.J.